[Cite as *State v. Doseck*, 2024-Ohio-2862.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## LOGAN COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,

  v.

BRAD E. DOSECK,

    DEFENDANT-APPELLANT.

CASE NO. 8-23-29

O P I N I O N

Appeal from Logan County Common Pleas Court
Trial Court No. CR 23 03 0054

**Judgment Affirmed**

**Date of Decision:  July 29, 2024**

**APPEARANCES:**

    *William T. Cramer* **for Appellant**

    *Nathan Yohey* **for Appellee**

**WILLAMOWSKI, P.J.**

{¶1} Defendant-appellant Brad Doseck ("Doseck") brings this appeal from the judgment of the Common Pleas Court of Logan County sentencing him to consecutive sentences. On appeal, Doseck challenges the imposition of consecutive sentences. For the reasons set forth below, the judgment is affirmed.

{¶2} On March 8, 2023, the Logan County Grand Jury indicted Doseck on the following counts: 1) Aggravated Trafficking in Drugs in violation of R.C. 2925.03(A)(1),(C)(1)(d), a felony of the second degree; 2) Trafficking in Cocaine in violation of R.C. 292503(A)(1),(C)(4)(a), a felony of the fifth degree; 3) Aggravated Trafficking in Drugs in violation of R.C. 2925.03(A)(1),(C)(1)(d), a felony of the second degree; 4) Aggravated Trafficking in Drugs in violation of R.C. 2925.03(A)(1),(C)(1)(c), a felony of the third degree; and 5) Aggravated Trafficking in Drugs in violation of R.C. 2925.03(A)(1),(C)(1)(d), a felony of the second degree. Doseck initially entered pleas of not guilty to all counts. On September 18, 2023, Doseck and the State entered into a plea agreement in which Doseck agreed to plead guilty to counts one and three and the State agreed to dismiss counts two, four, and five. The trial court accepted the guilty pleas and ordered that a pre-sentence investigation be completed.

{¶3} The trial court held a sentencing hearing on October 18, 2023. The trial court indicated that it had considered the record, oral statements, and the pre-

sentence report as well as the principles and purposes of sentencing under R.C. 2929.11 and the statutory factors set forth in R.C. 2929.12. The trial court then ordered Doseck to serve an indefinite prison term of eight to twelve years as to count one and eight years for count three. The trial court then ordered that the sentences be served consecutively. The trial court made the required findings to support the imposition of consecutive sentences. Doseck appeals from this judgment and on appeal raises the following assignment of error.

> **The consecutive sentence findings are not support[ed] by the record because [Doseck] was not such a danger that consecutive findings were necessary to protect the community and consecutive sentences were disproportionate to the danger posed by [Doseck].**

{¶4} In the sole assignment of error, Doseck alleges that the consecutive sentence findings are not supported by the record.

> If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
>
> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
>
> (b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of

the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

R.C. 2929.14(C)(4). Appellate courts must give deference to a trial court's consecutive sentence findings. *State v. Gwynne*, 2023-Ohio-3851 ¶ 15. "R.C. 2953.08(G)(2) provides that an appellate court may increase, reduce, or otherwise modify consecutive sentences only if the record does not "clearly and convincingly" support the trial court's R.C. 2929.14(C)(4) consecutive-sentence findings." *Id*. at ¶ 13.

{¶5} Doseck does not allege that the trial court failed to make the required findings, instead claiming that the findings are not supported by the record. A review of the record shows that the offense charged under count one involved a sale of drugs on May 25, 2022. The offense charged under count three involved a sale of drugs on June 14, 2022. This evidence shows that the offenses were multiple courses of conduct. The record also shows that Doseck has a long history of criminal behavior with his commission of felonies starting in 2003. This includes two prior convictions for trafficking in drugs, which resulted in prior prison terms. Additionally, Doseck has a history of violating the terms of his community control sanctions, which resulted in community control being terminated and Doseck being sent to prison. Doseck's criminal history supports the trial court's conclusion that

consecutive sentences were necessary to protect the public. As the evidence supports the findings of the trial court, the assignment of error is overruled.

{¶6} Having found no error prejudicial to the appellant in the particulars assigned and argued, the judgment of the Common Pleas Court of Logan County is affirmed.

*Judgment Affirmed*

**WALDICK and ZIMMERMAN, J.J., concur.**

**/hls**